UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON DARNELL LOTTS,

    Petitioner,                                             Case No. 1:08-cv-908

v                                                           HON. JANET T. NEFF

CAROL HOWES,

    Respondent.

_____/

**OPINION**

This is a habeas corpus petition filed by Petitioner Lotts, pursuant to 28 U.S.C. § 2254, seeking relief from his convictions of first degree murder, felony firearm, and felon in possession of a firearm. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) on June 27, 2011, recommending that this Court deny the petition on its merits. The matter is presently before the Court on Petitioner's objections and supplemental objections to the Report and Recommendation (Pet'r Obj., Dkt 36; Pet'r Suppl. Obj., Dkt 40), and two motions filed by Petitioner: Motion for Evidentiary Hearing (Dkt 38) and "Motion for Stay and to Hold Proceedings in Abeyance to Allow Petitioner to File 6.500 Motion in State Court" (Dkt 41).

Petitioner argues that the Magistrate Judge erred in denying habeas corpus on the issues of (1) the sufficiency of the evidence in establishing the identity of Petitioner and (2) prosecutorial misconduct (Dkts 36, 40). Petitioner's motion for an evidentiary hearing asks that the Court view a video introduced at trial, taken in a bar prior to the murder, which Petitioner maintains contradicts other identification evidence (Dkt 38). The motion for stay withdraws the claim of prosecutorial

misconduct from the motion for an evidentiary hearing and, instead, requests a stay on that issue while Petitioner seeks to supplement the record before the state court concerning prosecutorial misconduct (Dkt 41).

In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made and has considered Petitioner's motions. The Court denies the motions for the reasons set forth herein. The Court denies the objections and issues this Opinion and Final Order. *See* RULES GOVERNING § 2254 CASES, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

## A. Identification Evidence

Petitioner's first objection is that the Magistrate Judge erred in determining the evidence at trial was sufficient to establish the identity of Petitioner as the person who committed the crimes. Petitioner argues that the conviction was based on eyewitness testimony, which "is especially tenuous when not collaborated [sic] by objective evidence" (Dkt 36 at 1). Petitioner claims that the only objective evidence, a video tape taken at a bar before the murder, shows that the clothes he wore on the night in question did not match the description of the eyewitnesses (*id.* at 2). Petitioner's counsel notes that she has not examined the video and that the opinion of the Michigan Court of Appeals referenced the video, stating: "The security tape of the club where the victim, the eyewitnesses, and defendant were before the shooting was inconclusive regarding the color of defendant's various items of clothing, due to its poor quality" (*id.*). Counsel infers from the record that the Court of Appeals did not examine the video, and therefore argues that the Court of Appeals'

statement regarding the video is unreasonable and should not be given deference by this Court unless and until the video is examined by this Court (*id.*).

Petitioner's supplemental objections again challenge the reliability of eyewitness identification and add information about testimony in the trial transcript that he maintains should have been included in the summary presented in the R & R (Dkt 40). The Motion for Evidentiary Hearing requests that the Court review the video from the bar, which was viewed by the jury, to determine whether it contradicts other evidence and requires habeas relief (Dkt 38).

Petitioner's arguments that the evidence was insufficient for conviction are without merit. Judicial review of the sufficiency of the evidence "does not require a court to 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979) (quoting *Woodby v. INS*, 385 U.S. 276, 282 (1966) (emphasis added)). The relevant inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (emphasis in original).

As the Magistrate Judge properly noted, in assessing a sufficiency of evidence claim, "the Court may not weigh the evidence, assess the credibility of the witnesses, or substitute its judgment for that of the jury. (Dkt 35 at 25) (citing *United States v. Paige*, 470 F.3d 603, 608 (6th Cir. 2006)). Moreover, in reviewing a record that supports conflicting inferences a Court "'must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *O'Hara v. Brigano*, 499 F.3d 492, 499 (6th Cir. 2007) (quoting *Jackson*, 443 U.S. at 326). Thus, even if the video evidence was found to

3

be in conflict with the descriptions in testimony of eyewitnesses who identified petitioner as the killer, as Petitioner alleges, it would not provide a basis for habeas relief.

### B. Prosecutorial Misconduct

Petitioner's claim of prosecutorial misconduct is based on questions the prosecutor asked in cross-examination of Petitioner, concerning the route Petitioner took, and the cities he may have visited, when he traveled to North Carolina the day after the murder. Petitioner argues the questioning impeached his credibility by suggesting that he traveled elsewhere and questioning his denials. Petitioner further maintains that the questioning was improper because it was not supported by any evidence.

After filing his objections to the R & R, Petitioner filed a Motion for Stay (Dkt 41), requesting that these proceedings be held in abeyance while Petitioner files a motion for post-appeal relief in state court under Michigan Court Rule 6.502. The Motion for Stay seeks to cure the fact, noted by the Magistrate Judge, that the record in state court contained no evidence that prosecutor's questions lacked any factual basis and were therefore improper (Dkt 35 at 31). But even if the record were further developed and evidence of improper conduct produced, Petitioner's argument for habeas relief will fail. His claim does not support a finding that the comments "were so flagrant as to render the entire trial fundamentally unfair." *Gillard v. Mitchell*, 445 F.3d 883, 897 (6th Cir. 2006).

The Magistrate Judge correctly determined that the conduct in question did not provide grounds for habeas relief under the factors outlined in *Girts v. Yanai*, 501 F.3d 743, 759 (6th Cir. 2007): "(1) whether the conduct and remarks of the prosecutor tended to mislead the jury or prejudice the defendant; (2) whether the conduct or remarks were isolated or extensive; (3) whether

the remarks were deliberately or accidentally made; and (4) whether the evidence against the defendant was strong." The prosecutor's line of questioning was an isolated event, stopped when Petitioner's counsel objected, and concerned a peripheral matter. The evidence of guilt in the record is substantial. Petitioner's argument, that the comments were improper, misled the jury, and prejudiced Petitioner by impeaching his credibility, is based on mere speculation.

Moreover, any prejudicial effect was adequately addressed in the jury instructions. As the Michigan Court of Appeals noted, in denying appeal on this issue:

> the trial court instructed the jury that it could only consider properly admitted evidence, and specifically noted that the questions made by the attorneys to witnesses were not evidence. The trial court also instructed the jury to only accept the things the attorneys said that were supported by evidence. Because juries are presumed to follow their instructions, any prejudice was eliminated by the instructions given by the trial court at the end of the trial.

(Dkt 35 at 32)

Petitioner's claim of prosecutorial misconduct thus fails in that Petitioner has not established misconduct and, even if he could show that the line of question was improper, the record would not support the conclusion that his trial was fundamentally unfair.

### C. Petitioner's Motions

Petitioner's Motion for Evidentiary Hearing (Dkt 38) is denied because an evidentiary hearing will not further assist the Court in making its determinations, for the reasons stated above. Likewise, Petitioner's Motion for Stay (Dkt 41) is denied. Even if such a request to cure the deficiencies in the state court record were permissible at this point, and Petitioner succeeded in developing the evidence outlined in the motion, such evidence would not alter this Court's determinations.

### D. Certificate of Appealability

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's assessment of any of Petitioner's claims debatable or wrong. A certificate of appealability will therefore be denied.

A Final Order will be entered consistent with this Opinion.


Date: September 16, 2011          /s/ Janet T. Neff
                                  JANET T. NEFF
                                  United States District Judge